**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LANDON BYRON JACKSON, | No. 12-15117 |
| Petitioner-Appellant, | D.C. No. 2:10-CV-00391-GEB-CHS |
| v. | |
| MARTIN BITER, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., Senior District Judge, Presiding

Argued and Submitted September 9, 2014
San Francisco, California

Before: BEA, IKUTA, and HURWITZ, Circuit Judges.

Landon Byron Jackson, a California state prisoner, appeals the district

court's denial of his petition for habeas corpus. His appeal challenges his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

conviction on two counts of attempted murder with firearm and gang enhancements. We affirm.

**1.** We give deference under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), to the California state court's reasoned decision holding that any Confrontation Clause error in this case was harmless. *Towery v. Schriro*, 641 F.3d 300, 307 (9th Cir. 2010). In light of the overwhelming evidence of Jackson's guilt, including his admission that he was a gang member, and the testimony of multiple witnesses, we conclude that this decision was not reversible error. In the alternative, on de novo review, we would likewise conclude that any Confrontation Clause error did not have a substantial and injurious effect in determining the jury's verdict.

**2.** To prevail on his due process claim, Jackson must show that the California court's reasoning "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). We have held that the admission of propensity evidence, even in violation of state evidence law, does not violate Supreme Court precedent. *Alberni v. McDaniel*, 458 F.3d 860, 863 (9th Cir. 2006). We therefore deny Jackson's claim.

**3.** We deny Jackson's claim of cumulative error. The California state court was not objectively unreasonable in determining that there was only one instance of prosecutorial misconduct in this case, of minimal prejudice. In light of the overwhelming strength of the State's case against Jackson, we conclude that the California Court of Appeal was not objectively unreasonable in finding that any errors, whether relating to due process or prosecutorial misconduct, did not have "a substantial and injurious effect or influence on the jury's verdict." *Parle v. Runnels*, 505 F.3d 922, 928 (9th Cir. 2007) (internal quotation marks omitted).

The district court's order which denied Jackson's petition for the writ of habeas corpus is AFFIRMED.